GLOBE-NEWS PUBLISHING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107223.   Promulgated August 4, 1944.

*George S. Atkinson, Esq.*, for the petitioner.
*William G. Ruymann, Esq.*, for the respondent.

## OPINION.

Turner, *Judge*: Petitioner contends that it is "entitled to dividends paid credit in the amount of the adjusted net income on the basis of dividends paid to the old preferred stockholders of $1 per share in cash and dividends paid and/or available in Dividend Scrip to the old preferred stockholders under section 27 (d) of the Revenue Act of 1936,[1] or other applicable provisions" of that act.

Respondent claims that the gain or income on the exchange by the preferred stockholders of old preferred stock for new preference stock, plus new common stock, scrip, and cash, pursuant to the plan of reorganization by recapitalization, was not, except to the extent received in cash, taxable to the stockholders within the meaning of section

---

[1] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

\* \* \* \* \* \* \*

(d) DIVIDENDS IN OBLIGATIONS OF THE CORPORATION.—If a dividend is paid in obligations of the corporation, the amount of the dividends paid credit with respect thereto shall be the face value of the obligations, or their fair market value at the time of the payment, whichever is the lower. If the fair market value is lower than the face value, then when the obligation is redeemed by the corporation, the excess of the amount for which redeemed over the fair market value at the time of the dividend payment (to the extent not allowable as a deduction in computing net income for any taxable year) shall be treated as a dividend paid in the taxable year in which the redemption occurs.

112 (b) (3),[2] and that under section 27 (h)[3] petitioner is not, therefore, entitled to a dividends paid credit with respect to the scrip.

There is no dispute as to the material facts. Admittedly, there was a reorganization by recapitalization of petitioner. At the time of reorganization there was a dividend arrearage in the amount of $13.50 on each share of old preferred stock. A dividend of $1 in cash was paid on each share to all the holders of the old preferred stock, and the cash dividend so paid has been allowed petitioner as a dividends paid credit. It is agreed that the exchange of old preferred stock for the new preference stock, share for share, plus an equal amount of shares of new common stock as a stock dividend and scrip in the amount of $12.50 per unit to cover the balance of unpaid accumulated dividends on the old preferred stock, was made pursuant to the plan of reorganization as adopted by the stockholders of petitioner. No stockholder received the scrip or new stock unless he turned in his old stock, and the holders of 5,603 shares of preferred stock, not having turned in their shares, received no scrip dividends or new stock, but did receive the $1 cash dividend.

The difference between the parties is in the manner of treating the scrip. Respondent claims that issuance of the scrip did not effect the payment of a taxable dividend, but that the scrip constituted securities given in exchange for stock, in pursuance of the plan of reorganization. Petitioner claims the scrip is an unsecured note in payment of unpaid dividends and contends that it is within the term "other property" as used in section 112 (c) (1) ;[4] that, under that section, it is a taxable dividend in the hands of the recipients to the extent of the fair market

---

[2] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\* \* \* \* \* \* \*

(b) EXCHANGES SOLELY IN KIND.—

\* \* \* \* \* \* \*

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

[3] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

\* \* \* \* \* \* \*

(h) NONTAXABLE DISTRIBUTIONS.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part.

[4] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\* \* \* \* \* \* \*

(c) GAIN FROM EXCHANGES NOT SOLELY IN KIND.—

(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

value of the scrip, and, therefore, petitioner, having turned over such "other property" to the shareholders in payment of accumulated dividends, is entitled to the dividends paid credit to the extent at least of its adjusted net income for the taxable year, which is considerably less than the aggregate value of the scrip.

Petitioner also claims that the scrip is taxable under section 115.

One fallacy in petitioner's contention lies in its treatment of the scrip as though it were a payment of dividends separate and apart from the reorganization. The issuance of the scrip by petitioner and the receipt of it by the old preferred stockholders was an integral part of the plan of reorganization and should be considered as such, and not as a separate transaction. Cf. *Knapp-Monarch Co.*, 1 T. C. 59; affd., 139 Fed. (2d) 863; *Skenandoa Rayon Corporation* v. *Commissioner*, 122 Fed. (2d) 268, affirming 42 B. T. A. 1287; and *South Atlantic Steamship Line*, 42 B. T. A. 705. In those cases it was pointed out that the right to the dividend arrears was a part of the preferred shares and not a right separate and apart therefrom. Furthermore, the court, in *Skenandoa Rayon Corporation* v. *Commissioner, supra*, held that, even though the right to arrears of undeclared dividends be treated as something separate and apart from the stock under which it had accumulated, the exchange would still fall within the scope of section 112 (b) (3), *supra*, of the statute. The court said: "The stockholders' rights to dividend arrears, if treated as separate from the stock itself, must certainly be considered as 'securities in a corporation a party to a reorganization'—a curious 'security' to be sure, but nevertheless a 'security.' "

In further support of its claim that the issuance of the scrip must be recognized as the payment of a taxable dividend, the petitioner argues that the scrip did not constitute securities, and for that reason section 112 (b) (3), *supra*, is not applicable. In making this argument, it classifies the scrip as "only an unsecured note and obligation to pay." The contention is, we think, without merit. Securities may take the form of shares of stock, bonds, or notes. *Commissioner* v. *Neustadt's Trust*, 131 Fed. (2d) 528 (20-year debenture bonds); *Commissioner* v. *Kolb*, 100 Fed. (2d) 920 (10-year debenture); *South Atlantic Steamship Line, supra* (25-year debenture bonds); *Humphryes Manufacturing Co.*, 45 B. T. A. 114 (stock); *Knapp-Monarch Co., supra* (stock); *Burnham* v. *Commissioner*, 86 Fed. (2d) 776 (notes); *Skenandoa Rayon Corporation* v. *Commissioner, supra* (stock); *Clarence J. Schoo*, 47 B. T. A. 459 (25-year debentures); *Karl B. Segall*, 38 B. T. A. 43 (debenture notes).

The scrip in the instant case was payable on or before 25 years from the date of issuance, at the option of the petitioner. It called for interest at 4 percent annually, which was cumulative and payable on

any subsequent interest payment date, as petitioner's directors might determine. Failure to pay the interest when due did not affect or accelerate the maturity date of the scrip. The scrip was transferable only on the dividend book of the petitioner and was subordinate to the payment of principal and interest due or to become due on the outstanding bonds of the company and to the sinking fund provided for the payment of such bonds. Such being the character of the scrip, the scrip certificates issued evidenced such a continuing interest in the affairs of the petitioner as to constitute them securities within the meaning of section 112 (b) (3), *supra*. See and compare *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462.

The argument of the petitioner that in any event the issuance of the scrip constituted the payment of a taxable dividend within the meaning of section 115, *supra*, was considered and decided adversely in *South Atlantic Steamship Line, supra.*

*Decision will be entered for the respondent*